## PALMER v. SEYMOUR.

Judgment arrested, because the issue is immaterial, and does not determine the merits of the cause.

THIS was an action on the case, against the defendant (who was a justice of the peace) for issuing a writ of replevin, without taking legal and sufficient bonds.

The defendant pleaded, That at the time of granting the writ of replevin, one Preserved Field was recognized in due form of law, to prosecute said replevin, who was then an inhabitant of Hartford, a person in trade, and possessed of property in said Hartford, to the amount of the plaintiff's demand in the action, which he had attached, and amply

Church v. Town of Norwich.

sufficient to pay any other demand, to the amount of three times that sum.

On this plea, issue was taken — and a verdict for the plaintiff.

For the defendant, it was moved in arrest of judgment:—

1. Because the verdict is founded on an immaterial issue.

2. Because the plaintiff's reply is a departure from the declaration: For the declaration charges the defendant with taking no security, and the reply brings in issue the sufficiency only.

3. Because the verdict amounts to a negative pregnant, and implies, that said Field had sufficient property in some other place.

The judgment was arrested: And,

By the COURT. The issue, as found by the verdict, does not determine the merits of the cause. The jury find, that Field, who gave bonds in the case, was not possessed of sufficient estate in Hartford; but if he was possessed of sufficient estate in any other place, it would have been sufficient to justify the defendant in taking his bonds; but, from the verdict, it does not appear whether he had estate elsewhere or not; — therefore, a repleader is ordered.

Note.— Judge Ellsworth excused himself from judging in this case, he having been of counsel in it before his appointment of judge.